IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:15-cv-04444-MHC |
| RELIANCE TRUST COMPANY, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. 60]**

*White v. Chevron Corp.*, No. 16-793, 2016 U.S. Dist. LEXIS 115875 (N.D. Cal. Aug. 29, 2016),[1] does not provide support for Defendants' motions to dismiss, for the following reasons.

*First*, district court decisions have no precedential value. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004); *Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co.*, 240 F.3d 956, 965 & n.14 (11th Cir. 2001). *White* imposes a heightened pleading standard on ERISA plaintiffs, contrary to the "simplified pleading standard" of Rule 8(a)(2) that applies in this Circuit. Doc. 51 at 9 [2] (citing *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245,

---

[1] The plaintiffs in *White* have now filed an amended complaint. *White v. Chevron Corp.*, No. 16-793, ECF No. 41 (N.D. Cal. Sept. 30, 2016).

[2] "Doc." page references are to the page numbers shown on the ECF header.

1260 (11th Cir. 2015)). *White* is also contrary to the pleading standards for ERISA fiduciary breach claims established by the Seventh and Eighth Circuits. *See Allen v. GreatBanc Trust Co.*, No. 15-3569, slip op. at 13 (7th Cir. Aug. 25, 2016) (Doc. 61); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595, 598 (8th Cir. 2009).

*Second*, critical to the decision in *White* was what the court perceived as an absence of allegations "that the Plan fiduciaries engaged in self-dealing or failed to act 'solely in the interest' of the Plan's participants." *White*, 2016 U.S. Dist. LEXIS 115875, at *14; *id*. at *35–36, 47 (noting lack of allegations "that the defendant used revenue sharing to benefit itself and … (the recordkeeper) at the plan's expense" or "engag[ed] in prohibited transactions"). Here, Plaintiffs allege that Defendants engaged in extensive self-dealing, including Reliance putting its own excessive-cost, proprietary funds in the Plan two days after they were created, Insperity hiring and retaining itself as the Plan's recordkeeper for the last 13 years without bids, and Defendants selecting Plan investment options based on the amount of revenue sharing they paid to Insperity, all of which enriched Defendants at the Plan's expense. *See, e.g*., Am. Compl. (AC, Doc. 37) ¶¶39, 42, 58, 61–76, 79, 85, 91; Doc. 51 at 8, 16; Doc. 52 at 17. And unlike *White*, the complaint here alleges that Defendants engaged in prohibited transactions. AC, Counts VI–VII.

For these reasons, *White* does not support Defendants' motions to dismiss.

October 18, 2016                    Respectfully submitted,

/s/ Jerome J. Schlichter
SCHLICHTER, BOGARD & DENTON, LLP
Jerome J. Schlichter (*pro hac vice*)
Michael A. Wolff (*pro hac vice*)
Troy A. Doles (*pro hac vice*)
Kurt C. Struckhoff (*pro hac vice*)
Heather Lea (*pro hac vice*)
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Ph: (314) 621-6115, Fax: (314) 621-5934

*Counsel for Plaintiffs*

/s/ Bradley S. Wolff
Bradley S. Wolff
Georgia Bar No. 773388
SWIFT, CURRIE, MCGHEE, & HIERS, LLP
1355 Peachtree St., N.E., Ste. 300
Atlanta, GA 30309-3231
Ph: (404) 874-8800, Fax: (404) 888-6199
brad.wolff@swiftcurrie.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

/s/ Jerome J. Schlichter
Attorney for Plaintiffs