IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, SANDRA BRITT, JENNIFER L. PRIMM, ALEX BROOKS, JR., and EDWARD COMER BUCK, individually and as representatives of a class of similarly situated persons of the Insperity 401(k) Plan,<br><br>Plaintiffs,<br><br>v.<br><br>RELIANCE TRUST COMPANY, INSPERITY, INC., INSPERITY HOLDINGS, INC., INSPERITY RETIREMENT SERVICES, L.P., INSPERITY RETIREMENT PLAN COMMITTEE, and JOHN DOES 1-20,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-4444-MHC |

### ORDER

On June 1, 2017, Plaintiffs moved the Court to certify a class with regard to the remaining fiduciary breach and prohibited transaction claims in their Amended Complaint. See Pls.' Mot. for Class Certification [Doc. 85]. Plaintiffs' motion proposed to define the class for all six of these claims as: "All participants and

beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through the date of judgment, excluding the Defendants." See Mem. in Supp. of Pls.' Mot. for Class Certification [Doc. 85-1] ("Pls.' Mem.") at 9; Am. Compl. ¶ 165. In the Motion, Plaintiffs assert that the proposed class is ascertainable; that it satisfies the four requirements of Rule 23(a) and the requirements of Rule 23(b)(1)(A) and (B); and that their proposed class counsel has the requisite experience, knowledge and resources to prosecute these claims, will fairly and adequately represent the interests of the class, and thus should be appointed class counsel under Rule 23(g). See Pls.' Mem. at 10-25.

On July 19, 2017, both parties filed a stipulation regarding Plaintiffs' Motion. See Stipulation Regarding Class Certification and Adjudication of Pls.' Claims on a Class Basis [Doc. 94] ("Stipulation"). In that stipulation, Defendants represent that they "agree that Plaintiffs' claims[1] . . . are appropriate for

---

[1] In their stipulation, the parties characterize Plaintiffs' remaining claims as follows:

> Plaintiffs' remaining fiduciary breach claims allege that Defendants breached their duties by:
>
> (1) "selecting the [] proprietary Insperity Horizon Risk-Managed Target Date Funds as investment options for the Plan" (Count I, Am. Comp. ¶¶ 169-174);

certification because they meet the requirements for the same set forth in federal Rule of Civil Procedure 23." Id. at 4. Accordingly, the parties stipulate as follows:

> 1. The Class may be certified under Rule 23(b)(1) of the Federal Rules of Civil Procedure with respect to the six remaining claims in the Amended Complaint that are enumerated and summarized above. This Stipulation expressly does not include any claim that relies on proving that the only way for Defendants to fulfill their fiduciary duties was for the Plan's recordkeeping expenses to have been charged as a separate, uniform flat fee assessed against the account of each participant in the Plan (e.g., every participant in the Plan should have been charged $30 annually in addition to the fees that each participant paid through their investment in Plan investment options), rather than negotiated as a flat Plan-level fee that was then assessed to participants pro rata based on account balances, or being defrayed through the use of revenue sharing from Plan investment options.

---

(2) "failing to monitor and control the excessive administrative expenses to the recordkeeper, Insperity Retirement Services" (Count II, Am. Comp. ¶¶ 175-180);

(3) "providing investment options charging unreasonable management fees compared to identical lower-cost versions of the same investments and other high-quality, low-cost institutional alternatives that were available to the Plan" (Count III, Id. at ¶¶ 181-189);

(4) failed to properly monitor the Plan's fiduciaries (Count V, Id. at ¶¶137-44, 198-203);

(5) engaged in prohibited transactions with a party in interest in violation of 29 U.S.C. §1106(a) (Count VI, Id. at ¶¶205-09); and

(6) engaged in prohibited fiduciary self-dealing in violation of 29 U.S.C. §1106(b) (Count VII, Id. at ¶¶ 211-17).

See Stipulation at 2-3.

3

2. The Class shall be defined as and shall consist of: All participants and beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through September 30, 2017, excluding the Defendants.

    a. The members of the Class number in the thousands and are so numerous that joinder of all members is impracticable.

    b. Common questions of law and fact exist with respect to all members of the Class including questions as to (1) whether the Defendants were fiduciaries of the Plan with respect to the conduct alleged; (2) whether Defendants breached any applicable fiduciary duties or caused prohibited transactions in each respect alleged by Plaintiffs; and (3) whether the Plan suffered losses from these alleged breaches and, if so, how to calculate such losses.

    c. The named Plaintiffs' claims are typical of the claims of the members of the Class in that, among other things, they were participants in the Plan during the relevant time period and, for each of the six claims for relief enumerated above, there is at least one named Plaintiff whose alleged injuries arise from the same practice or course of conduct as do the alleged injuries of the Plan and similarly situated members of the Class.

    d. Plaintiffs declare that they are committed to fairly, adequately and vigorously representing and protecting the interests of the members of the Class, do not have any interests that might cause them to refrain from vigorously pursuing the claims specified herein, and, as a result, are adequate to represent the Class. Defendants currently know of no basis on which to contest that declaration.

3. Plaintiffs have retained counsel competent and experienced in class action litigation of this nature for this purpose, and Plaintiffs' counsel do not have any interests that might cause them to refrain from vigorously pursuing claims in this class action and, as a result, Plaintiffs' counsel (Schlichter, Bogard and Denton, LLP) are adequate

4

to represent the Class pursuant to Federal Rule of Civil Procedure 23(g).

4. Certification of the Class's claims for relief is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of non-party Class members.

5. Each of the Plaintiffs may be appointed a class representative for the Class.

6. With the exception of Reliance Trust Company's Affirmative Defense Numbers 16-19, this Stipulation does not waive any affirmative defenses the Defendants may have as to any member of the Class. Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation. Any such waiver would be deemed by the parties to have been voided in the event that the Defendants exercise the options set forth in Paragraph 7.

7. This Stipulation is without prejudice to any party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good faith belief that the Class no longer satisfies the requirements of Rule 23(a) or (b)(1). Such relief may include, without limitation, decertification, modification of the Class definition, or certification of sub-classes. Nothing in this paragraph precludes any party from opposing such a motion.

<u>See</u> Stipulation at 4-7.

For good cause shown, it is hereby **ORDERED** that the parties' stipulation is **APPROVED**. By virtue of the Court's order, Plaintiffs' Motion for Class Certification [Doc. 85] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 7th day of November, 2017.

_____
MARK H. COHEN
United States District Judge