DRAFT
ATTORNEY WORK PRODUCT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, SANDRA BRITT, JENNIFER L. PRIMM, AND ALEX BROOKS, JR., individually and as representatives of a class of similarly situated persons of the Insperity 401(k) Plan,<br><br>        Plaintiffs,<br><br>  v.<br><br>RELIANCE TRUST COMPANY, INSPERITY, INC., INSPERITY HOLDINGS, INC., INSPERITY RETIREMENT SERVICES, L.P., INSPERITY RETIREMENT PLAN COMMITTEE, AND JOHN DOES 1-20,<br><br>        Defendants. | Civil Action No.<br><br>1:15-cv-04444-MHC |

## MEMORANDUM IN SUPPORT OF DEFENDANT RELIANCE TRUST COMPANY'S MOTION FOR LEAVE TO FILE UNDER SEAL

Defendant Reliance Trust Company ("RTC") hereby files this Memorandum

in Support of its Motion for Leave to File Under Seal.  RTC has filed a Motion for

Summary Judgment and a Statement of Undisputed Material Facts ("SOF") in

support of its Motion for Summary Judgment.  By way of this motion, RTC seeks

DRAFT
ATTORNEY WORK PRODUCT

leave of court that limited portions of certain exhibits attached to the SOF be maintained under seal.

The common law right of access to judicial proceedings is "not absolute" and "may be overcome by a showing of good cause." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Here, good cause exists to seal certain portions of Exhibits 2, 50, and 111 to the SOF.[1]

Exhibit XX is an internal presentation prepared by RTC that contains confidential information about RTC's finances, sales, transaction volumes, and operating income and expenses, specifically in slides 9, 10, 12, 25, 28, 29, and 35-37. RTC designated Exhibit 50 "Confidential" pursuant to the Stipulated Protective Order in this case. *See* ECF 84. Confidential and sensitive information of the type found in the enumerated slides is typically protected from public disclosure within the Northern District of Georgia. *Duracell Inc. v. SW Consultants, Inc.*, 126 F.R.D. 576, 578 (N.D. Ga. 1989) ("In a competitive market, an entity's commercial information . . . can be its life blood. The discovery rules are not intended to forfeit a party's ability to compete effectively in the market by

---

[1] In support of its Motion for Summary Judgment and SOF, RTC is also filing the report of Ian Ratner ("Ratner Report"), the Insperity co-defendants' expert. The Insperity co-defendants will address the confidentiality of that report in their own motion to seal. RTC does not oppose the filing of the Ratner Report under seal.

DRAFT
ATTORNEY WORK PRODUCT

opening up tangentially relevant financial and marketing information to competitors."); *see also* Federal Rule of Civil Procedure 26(c)(7) (court may order protective order forbidding disclosure of "commercial information").  RTC has a legitimate interest in maintaining the confidentiality of its sales and other financial information and to keep it from being disclosed to competitors who could use it to their advantage at the harm and expense of RTC.

Moreover, the public interest in accessing these portions of Exhibit 50 is very low, at best.  RTC's detailed financial information need not be publicly disclosed for the Court to rule on the merits of RTC's Motion for Summary Judgment or for the public to understand and appreciate the Court's ruling.  Indeed, the information is irrelevant to RTC's motion.  Hence, the financial and commercial information at issue is not a public concern.  *See Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, 2015 WL 149984 (N.D. Ga. Jan. 12, 2015) (granting motion to seal exhibits containing confidential information where parties' interest in confidentiality outweighed public interest in access).  In addition, pursuant to Section II. J. of Appendix H of the Northern District of Georgia Local Rules, RTC has ensured that only the most sensitive portions of Exhibit XX remain under seal (i.e., 9 pages out of 40) and otherwise publicly filed a redacted version of Exhibit 50.

DRAFT
ATTORNEY WORK PRODUCT

Exhibits 2 and 111 are the opening and rebuttal reports of Plaintiffs' expert witness, Gerald Buetow.  RTC similarly seeks to seal minimal portions of the opening report (i.e., paragraphs 57, 59, 60, 65, 77, 80, 109 and 100—only 8 out of 130 paragraphs) and the rebuttal report (paragraphs 23 and 36—only 2 out of 87 paragraphs) and has otherwise filed publicly redacted versions of these reports.[2] These excerpts describe RTC's purported business strategies and objectives—the public disclosure of which could cause RTC competitive harm.  Moreover, these limited paragraphs are not of public concern, and RTC does not rely on them in support of its motion.

For the foregoing reasons, RTC respectfully requests that the Court grant its Motion for Leave to File Under Seal and enter an Order that those designated portions of Exhibits 2, 50, 111 to the SOF be maintained under seal.

Dated: June 8, 2018                    Respectfully submitted,

                                       **O'MELVENY & MYERS LLP**

                                       By: */s/ Brian Boyle*

                                       Brian D. Boyle *(pro hac vice)*
                                       bboyle@omm.com

---

[2] Plaintiffs had originally designated these reports as "Confidential" under the Stipulated Protective Order but have since de-designated them.

DRAFT
ATTORNEY WORK PRODUCT

Benjamin G. Bradshaw *(pro hac vice)*
bbradshaw@omm.com
1625 Eye Street, NW
Washington, DC 20006-4001
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

**BRYAN CAVE, LLP**
William Bard Brockman
bard.brockman@bryancave.com
One Atlantic Center, 14th Floor
1201 West Peachtree St, N.W.
Atlanta, GA 30309-3488
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

*Counsel for Defendant Reliance
Trust Company*

DRAFT
ATTORNEY WORK PRODUCT

## <u>CERTIFICATE OF SERVICE AND CERTIFICATE OF</u>
## <u>COMPLIANCE WITH LOCAL RULE 5.1</u>

I hereby certify that I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system (which document contains the

required margins and was prepared in Times New Roman font, 14 point type, one

of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C)),

which will automatically send email notification of such filing to all counsel of

record.

This 8th day of June, 2018.

<u>/s/ Brian D. Boyle</u>