## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, Plaintiffs, and Defendant Reliance Trust Company (collectively the "Settling Parties").

**1.      Article 1 – Recitals**

**1.1**      On December 22, 2015, Plaintiffs Ronda A. Pledger, Sandra Britt, Jennifer L. Primm, and Alex Brooks, Jr., individually and as representatives of a class of participants and beneficiaries of the Insperity 401(k) Plan ("Plan"), filed their Complaint in the United District Court for the Northern District of Georgia. Case No. 15-cv-4444-MHC, Doc. 1. On April 15, 2016, Plaintiffs filed their Amended Complaint, which added Plaintiff Edward Comer Buck as a named plaintiff. Doc. 37. The Amended Complaint is the operative complaint. Plaintiffs brought this action under 29 U.S.C. § 1132(a)(2) alleging that Defendants Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. (collectively "Defendants") breached their fiduciary duties and committed prohibited transactions relating to the management, operation, and administration of the Plan. They sought to recover all losses to the Plan resulting from each breach of duty under 29 U.S.C. § 1109(a) and for other equitable and remedial relief.[1]

**1.2**      On March 15, 2016, Defendants moved to dismiss Plaintiffs' Amended Complaint. Docs. 29, 32. On March 7, 2017, the Court granted in part and denied in part Defendants' motions. Doc. 41. The parties then proceeded to merits discovery.

**1.3**      On July 19, 2017, the Parties filed a Stipulation Regarding Class Certification and Adjudication of Plaintiffs' Claims on a Class Basis. Doc. 94. The Court approved the Stipulation on November 7, 2017. Doc. 101. The Court certified the following class under Federal Rule of Civil Procedure 23(b)(1):

> All participants and beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through September 30, 2017, excluding the Defendants.

*Id.* at 4 (¶2). The Court appointed the named plaintiffs as Class representatives and Schlichter Bogard & Denton LLP as Class Counsel. *Id.* at 4–5 (¶¶3, 5).

**1.4**      Defendants filed motions for summary judgment on June 8, 2018. Docs. 133, 137. On March 28, 2019, the Court granted in part and denied in part

---

[1] Plaintiffs also named the "Insperity Retirement Plan Committee" and "John Does 1–20". The Court dismissed those defendants because a "Committee" did not exist, and Plaintiffs did not seek leave to substitute any individuals for the John Does. Doc. 197 at 1 n.1, 7 n.5. Plaintiffs and all Defendants are collectively referred to herein as the "Parties".

Exhibit 1

Defendants' motions. Doc. 196. In anticipation of trial, the Parties submitted joint stipulated facts and trial briefs. Docs. 238–39, 241. The trial commenced on March 2, 2020. Doc. 242. The trial lasted two weeks, and ended on March 13, 2020. Doc. 251. Following trial, the Parties submitted their Proposed Findings of Fact and Conclusions of Law on June 15, 2020. Docs. 266–68.

**1.5**     While Defendants' motions to dismiss were pending, the Parties first conducted an in-person mediation session through a private mediator on September 28, 2016. The case did not settle. Additional efforts were made by all the Parties to settle in advance of the trial. Again, those efforts were unsuccessful. After the two-week trial and after the Parties completed their post-trial briefing, the Settling Parties resumed settlement negotiations on or about August 17, 2020 through the assistance of the private mediator. On September 18, 2020, the Settling Parties reached an agreement in principle to resolve all pending claims. The terms of the Settling Parties' settlement are memorialized in this Settlement Agreement.

**1.6**     The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on behalf of the Class Representatives and the Class upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in benefits to Class Representatives and the Class.

**1.7**     Reliance Trust admits no wrongdoing or liability with respect to any of the allegations or claims in this action and maintains that the Plan was managed, operated, and administered during its tenure as the Plan's discretionary trustee in full compliance with ERISA and applicable regulations. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of fault or liability of any kind by Reliance Trust.

**1.8**     The Settling Parties, as defined below, have concluded it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.9**     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

**2.**     **Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto (as listed in Paragraph 12.19), unless otherwise defined, the following terms have the meanings specified below:

Exhibit 1

**2.1**   "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class, including but not limited to the reasonable direct expenses of the Plan's recordkeeper to identify the names and addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the reasonable direct expenses of the Plan's recordkeeper associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) the fees and expenses of the Settlement Administrator and Escrow Agent; (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715; and (f) all fees and costs associated with the Independent Fiduciary's review of the Settlement Agreement on behalf of the Plan, as described in Paragraph 3.1. Excluded from Administrative Expenses are Reliance Trust's internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.2**   "Active Account" means an individual investment account in the Plan with a balance greater than $0 as of September 30, 2020.

**2.3**   "Alternate Payee" means a person other than a participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a Qualified Domestic Relations Order.

**2.4**   "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed $13,266,266, which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, including the pre-litigation investigation period, not to exceed $750,000, which also shall be recovered from the Gross Settlement Amount.

**2.5**   "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form with a postmarked date by the Claims Deadline, or electronically submitted online no later than the Claims Deadline, set by the Court in the Preliminary Order and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6**   "Beneficiary" means a person who currently is entitled to receive a benefit under the Plan upon the death of a plan participant, other than an Alternate

3

Exhibit 1

Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

2.7 "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

2.8 "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

2.9 "Class" means all participants and beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through March 31, 2019, excluding the Defendants. This definition includes any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternative Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

2.10 "Class Action" means *Pledger, et al. v. Reliance Trust, et al.*, Case No. 1:15-cv-4444-MHC, in the United States District Court for the Northern District of Georgia.

2.11 "Class Counsel" means Schlichter Bogard & Denton LLP, 100 S. Fourth Street, Suite 1200, Saint Louis, Missouri, 63102.

2.12 "Class Members" means all individuals in the Class, including the Class Representatives.

2.13 "Class Period" means the period from December 22, 2009 through March 31, 2019.

2.14 "Class Representatives" means Ronda A. Pledger, Sandra Britt, Jennifer Primm, Alex Brooks, Jr. and Edward Comer Buck.

2.15 "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

2.16 "Confidentiality Agreement" means the Stipulated Protective Order executed by the parties effective May 25, 2017. Doc. 84.

2.17 "Court" means the United States District Court for the Northern District of Georgia.

2.18 "Current Participant" means a person who participated in the Plan during the Class Period and on September 30, 2020 had an Active Account balance.

2.19 "Defendants" means Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P.

Exhibit 1

**2.20**   "Defense Counsel" means counsel for Reliance Trust Company, including O'Melveny & Myers LLP and Bryan Cave LLP.

**2.21**   "Escrow Agent" means UMB Bank, or another entity agreed to by the Settling Parties.

**2.22**   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement, (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation, and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23.

**2.23**   "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.24**   "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.25**   "Former Participant" is a person who participated in the Plan during the Class Period and on September 30, 2020 did not have an Active Account.

**2.26**   "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.27**   "Gross Settlement Amount" means the sum of thirty-nine million eight-hundred thousand dollars ($39,800,000), contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment, whether to the Class, Plaintiffs, Class Counsel, or otherwise, made by or on behalf of Reliance Trust Company in connection with the Settlement effectuated through this Settlement Agreement.

**2.28**   "Independent Fiduciary" means an independent fiduciary selected by the Plan administrator, with the consent of Class Counsel, who will serve as a fiduciary to the Plan that has no relationship or interest in any of the Parties.

Exhibit 1

**2.29**   "Mediator" means Hunter Hughes Esq., 1075 Peachtree Street, N.E., Suite 2500, Atlanta, Georgia, 30309, or if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

**2.30**   "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives' Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors.

**2.31**   "Plaintiffs" means the Class Representatives and the Class Members.

**2.32**   "Plan" means the Insperity 401(k) Plan.

**2.33**   "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.34**   "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.35**   "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing, settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.36**   "Released Parties" means (a) Defendants, (b) their insurers, co-insurers, and reinsurers, (c) their past, present, and future parent corporation(s), (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, (e) their past, present and future members of their respective boards of trustees or boards of directors, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them, (f) the Plan's fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, parties-in-interest, and (g) the employers that elected to participate in the Plan (together

6

Exhibit 1

with (i) such employers' past, present and future parent corporation(s), (ii) their past, present and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns, and (iii) their past, present and future members of their respective boards of trustees or boards of directors, agents, officers, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, associates, employee benefit plan administrators, members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them).

2.37    "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state or local law, whether by statute, contract or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen for actions during the Class Period:

2.37.1    That were asserted in the Class Action, or that arise out of the conduct alleged in the Amended Complaint whether or not pleaded in the Amended Complaint;

2.37.2    That arise out of, relate to, are based on, or have any connection with: (1) the selection, oversight, retention, or performance of the Plan's investment options and service providers; (2) fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (3) the revenue sharing made available to or in respect of the Plan and the use or disposition of those revenue sharing payments; (4) the services provided to the Plan or the costs of those services; or (5) disclosures or failures to disclose information regarding the Plan's investment options, fees, costs, expenses, services, or service providers;

2.37.3    That would be barred by *res judicata* based on entry of the Final Order;

2.37.4    That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or any member of the Class in accordance with the Plan of Allocation; or

2.37.5    That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

2.37.6    "Released Claims" specifically exclude (1) those claims not related to 2.37.1 – 2.37.5 above; (2) claims of individual denial of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in Paragraphs 2.37.1 – 2.37.5; (3) labor or

7

Exhibit 1

employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart; and (4) claims arising from conduct outside the Class Period.

2.38    "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

2.39    "Settlement Administrator" means an independent contractor to be retained by Class Counsel.

2.40    "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

2.41    "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

2.42    "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

2.43    "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of three years thereafter.

2.44    "Settlement Website" means the internet website established in accordance with Paragraph 11.2.

2.45    "Settling Parties" means Plaintiffs, Reliance Trust Company, and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

8

Exhibit 1

3.      **Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

3.1      The Independent Fiduciary retained by the Plan administrator, on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

   3.1.1      The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39") in making its determination, for the purpose of Defendants' reliance on PTE 2003-39.

   3.1.2      The Independent Fiduciary shall notify the Plan administrator directly of its determination in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

   3.1.3      The Settling Parties, Defense Counsel, and Class Counsel shall provide the Independent Fiduciary with sufficient information so that the Independent Fiduciary can review the Settlement Agreement.

   3.1.4      The Settling Parties understand that within fifteen (15) calendar days of receipt of the written determination from the Independent Fiduciary the Plan administrator will: (a) review the determination by the Independent Fiduciary; (b) conclude whether the Independent Fiduciary has made the determinations required by the PTE 2003-39; and (c) notify Class Counsel and Defense Counsel in writing of its conclusion in that regard.

3.2      Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court, as to the Class Action, shall, among other things:

   3.2.1      Approve the text of the Settlement Notice and Former Participant Claim Form for mailing or sending by electronic means to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed or electronic notice;

   3.2.2      Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable

9

Exhibit 1

under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

3.2.3     Cause the Settlement Administrator to mail by first class mail or by electronic means the Settlement Notice to each Class Member identified by the Settlement Administrator and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator based upon the data provided by the Plan's recordkeeper;

3.2.4     Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Defendants, the Released Parties, or the Plan;

3.2.5     Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (i) the Court should approve the Settlement as fair, reasonable, and adequate, (ii) the Court should enter the Final Order, and (iii) the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

3.2.6     Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) days prior to the scheduled Final Approval Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

3.2.7     Provide that the Settling Parties may, but are not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) days of receipt of the objection and that any responses to discovery or depositions must be completed within ten (10) days of the discovery request being served on the objector;

3.2.8     Provide that any party may file a response to an objection by a Class Member at least ten (10) days before the Fairness Hearing;

Exhibit 1

3.2.9    Set a deadline of no later than the date of the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

3.2.10   Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court;

3.2.11   Approve the Form of the CAFA Notices attached as Exhibit 6 and order that upon mailing of the CAFA notices, Reliance Trust Company shall have fulfilled its obligations under CAFA.

3.3     Defendants and counsel for Defendants shall respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including specifically the reasonable direct expenses of the Plan's recordkeeper, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount, except that the Plan's recordkeeper shall not receive compensation for crediting the accounts of the Current Participants under Paragraph 6.5.

3.3.1    The Settlement Administrator shall be bound by the Confidentiality Agreement and any further non-disclosure or security protocol required by the Settling Parties.

3.3.2    The Settlement Administrator shall use the data provided by Defendants and the Plan's recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.3.3    The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.4     By the date and in the manner set by the Court in the Preliminary Order, and unless otherwise set forth below, the Settlement Administrator shall:

3.4.1    Cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and the Court. The Settlement Notice shall be sent to the last known address, or e-mail address if sent electronically, of each Class Member provided by the Plan's recordkeeper (or its designee(s)) through

11

Exhibit 1

Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plan's recordkeeper (or its designee(s)). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

3.4.2 Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and the Court, to be included with the Settlement Notice that is mailed or sent by electronic means to the Former Participants.

## 4. Article 4 – Final Settlement Approval

4.1 No later than ten (10) business days before the Fairness Hearing, Class Counsel and Defense Counsel shall submit to the Court a mutually agreed upon motion for entry of the Final Order (Exhibit 5), which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

4.1.1 Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plan and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2 A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

4.1.3 Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement, except for retention of jurisdiction to enforce Article 8 of the Settlement Agreement;

4.1.4 That the Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (i) conclusively deemed to have, and by operation

Exhibit 1

of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims, and (ii) barred from suing the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5**   That each Class Member shall release the Released Parties, Defense Counsel, Class Counsel, and the Plan for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.6**   That all applicable CAFA requirements have been satisfied;

**4.1.7**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

**4.1.8**   That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

**4.1.9**   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator in accordance with applicable law and governing terms of the Plan; and

**4.1.10**   That within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel, Defense Counsel and the Plan administrator a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

Exhibit 1

**4.2**    The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Class, and the Plan shall be bound by the Settlement Agreement and by the Final Order.

**5.    Article 5 – Establishment of Qualified Settlement Fund**

**5.1**    No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2**    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**    Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (1) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (2) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior

Exhibit 1

order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither Defendants, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4    Within twenty (20) calendar days after the later of (a) the Preliminary Order is entered, or (b) the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to Reliance Trust Company in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, Reliance Trust Company, or its agents or insurers, will deposit two million dollars ($2,000,000) of the Gross Settlement Amount into the Qualified Settlement Fund. Reliance Trust Company shall deposit the remainder of the Gross Settlement Amount, thirty seven million eight hundred thousand dollars ($37,800,000), into the Qualified Settlement Fund within five (5) business days of the Settlement Effective Date.

5.5    The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

5.6    The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.7    Within one-hundred twenty (120) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel within five (5) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within five (5) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within five (5) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not

15

Exhibit 1

yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, (3) an amount estimated for adjustments of data or calculation errors; and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.8**   The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. Defendants, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.9**   No later than February 15 of the year following the calendar year in which Reliance Trust Company, its insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Reliance Trust Company, its insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Reliance Trust Company, its insurers, or agents make a transfer to the Qualified Settlement Fund.

**6.**   **Article 6 – Plan of Allocation**

**6.1**   After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to the Authorized Former Participants and those Current Participants covered by Paragraphs 6.5 and 6.6 below, and to the Plan for distribution to the Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2**   To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant or an Authorized Former Participant, Beneficiary, or Alternate Payee of such a person. Current Participants shall receive their settlement payments as contributions to their Plan account(s), as provided in Paragraph 6.5 below. Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.6 below.

**6.3**   Beneficiaries will receive checks as described in this Article 6 in amounts corresponding to their entitlement as beneficiaries of the Current Participant or

Exhibit 1

of the Authorized Former Participant with respect to which the payment is made. Alternate Payees will receive checks if and to the extent they are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

6.4     **Calculation of Settlement Payments.** Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator in accordance with the Plan of Allocation as follows:

6.4.1     The Settlement Administrator shall obtain from Class Counsel, Defendants, or the Plan's recordkeeper the quarter-ending account balances invested (1) in the Insperity Horizon Risk-Managed Funds and (2) in the Plan for each Class Member during the Class Period. The Settling Parties understand the Plan administrator will provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

6.4.2     The Net Settlement Amount shall be divided into two portions: (1) the Insperity Horizon Risk-Managed Funds Portion ("Horizon Funds Portion") shall be ninety percent (90%) of the Net Settlement Amount; and (2) the Administrative and Investment Fee Portion ("Fee Portion") shall be ten percent (10%) of the Net Settlement Amount.

6.4.3     The Horizon Funds Portion will be allocated among Class Members as follows: a percentage of the Horizon Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the Insperity Horizon Risk-Managed Funds for each quarter from December 31, 2012 through March 31, 2017 divided by the sum of all Current Participants' and Authorized Former Participants' quarter-ending balances in the Insperity Horizon Risk-Managed Funds for each quarter during that period.

6.4.4     The Fee Portion will be allocated among Class Members as follows: a percentage of the Fee Portion that is the product of the participant's quarter-ending account balances for each quarter from December 31, 2009 through March 31, 2019 divided by the sum of all Current Participants' and Authorized Former Participants' overall quarter-ending balances for each quarter during that period.

6.4.5     No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.14.

Exhibit 1

6.4.6    The Settlement Administrator shall determine the total settlement payment available to each Authorized Former Participant and Current Participant by calculating each such participant's share of the Net Settlement as set forth above.

6.4.7    The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Authorized Former Participants and Current Participants under Paragraphs 6.5 and 6.6 of the Settlement Agreement; and (b) instructing the Plan administrator as to the amounts to be distributed to the Current Participants under Paragraph 6.5 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

6.4.8    Unless the Settling Parties agree in writing, the total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plan's trustee is instructed to make to Current Participants may not exceed the Net Settlement Amount. Nothing in this Paragraph is intended to modify the requirements of Paragraph 6.9 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

6.4.9    The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

6.5    **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment. The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

6.5.1    Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide the Plan administrator with an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment to be made into the Active Account(s) for each of the Current Participants.

6.5.2    Thereafter, within ten (10) business days' written notice to the Plan administrator, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to the Plan's trustee of the aggregate amount of all settlement payments payable to Current Participants, as

Exhibit 1

reflected in the spreadsheet provided by the Settlement Administrator. The Plan's trustee will credit the individual Active Account(s) of each Current Participant in an amount equal to that stated on the spreadsheet provided by the Settlement Administrator in relation to such Current Participant.

6.5.3    The settlement payment for each Current Participant will be invested in accordance with and proportionate to such Current Participant's investment elections then on file. If there is no investment election on file for any Current Participant, then such Current Participant shall be deemed to have directed such payment to be invested in the relevant Plan's "Qualified Default Investment Alternative," as defined in 29 C.F.R. § 2550.404c-5.

6.5.4    The Settling Parties understand the Plan's recordkeeper will process all Current Participant transactions within thirty (30) calendar days of receiving direction from the Settlement Administrator for any Current Participant.

6.5.5    The Plan may be amended, to the extent necessary, to reflect the settlement allocation to Current Participants' Active Account(s) in accordance with this Article 6.

6.6    **Payments to Current Participants Who Have a $0 Account Balance as of the Date the Settlement Payments Are Made**. For each Current Participant who has an account balance of zero as of the date the settlement payments are made, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Current Participant then on file. A Current Participant who has an account balance of zero as of the date the settlement payments are made need not complete a Former Participant Claim Form. The checks shall be issued as follows:

6.6.1    For each check issued, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Current Participant.

6.6.2    Settlement payments that cannot be made by the Plan's recordkeeper within thirty (30) calendar days of receiving direction from the Settlement Administrator, as described in Paragraph 6.5, because the Current Participant has an account balance of zero in the Plan, shall be returned by the Plan's trustee to the Settlement Administrator for distribution pursuant to this Paragraph 6.6 within twenty (20) calendar days thereafter.

19

Exhibit 1

**6.7**    **Payments to Authorized Former Participants.** The Former Participant Claim Form shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to roll over such an amount. If the Authorized Former Participant elects to treat the Settlement Distribution as a rollover, the Settlement Administrator shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

**6.8**    For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

   **6.8.1**    For each check issued, the Settlement Administrator shall: (i) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (ii) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (iii) issue appropriate tax forms to the Authorized Former Participants.

   **6.8.2**    The Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement is rollover eligible and of their right to rollover such an amount, and shall follow proper rollover instructions provided by the Authorized Former Participant.

**6.9**    This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the modification was implemented.

   The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

Exhibit 1

**6.10** Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendants one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

**6.11** The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

**6.12** Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold the Released Parties, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.13** All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**6.14** No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement

Exhibit 1

Fund after distributions, including costs, taxes and interest-earned on the
Qualified Settlement Fund, shall be paid to the Plan for the purpose of
defraying administrative fees and expenses of the Plan that would otherwise be
charged to the Plan's participants. In no event shall any part of the Settlement
Fund be used to reimburse any Defendants or otherwise offset settlement
related costs incurred by any Defendant.

## 7. Article 7 – Attorneys' Fees and Costs

**7.1** Class Counsel intends to seek to recover their attorneys' fees not to exceed
$13,266,667, and litigation costs and expenses advanced and carried by Class
Counsel for the duration of this litigation, not to exceed $750,000, which shall
be recovered from the Gross Settlement Amount. Class Counsel also intends to
seek Class Representatives' Compensation, in an amount not to exceed
$25,000 each for Class Representatives Ronda A. Pledger, Sandra Britt,
Jennifer Primm, Alex Brooks, Jr., and Edward Comer Buck, which shall be
recovered from the Gross Settlement Amount.

**7.2** Class Counsel will file a motion for an award of Attorneys' Fees and Costs at
least thirty (30) days before the deadline set in the Preliminary Order for
objections to the proposed settlement, which may be supplemented thereafter.

## 8. Article 8 – Release and Covenant Not to Sue

**8.1** As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary
approval as required by Paragraph 3.1) and the Class Members (and their
respective heirs, beneficiaries, executors, administrators, estates, past and
present partners, officers, directors, agents, attorneys, predecessors, successors,
and assigns) shall be deemed to have fully, finally, and forever settled,
released, relinquished, waived, and discharged all Released Parties from the
Released Claims, whether or not such Class Members have executed and
delivered a Former Participant Claim Form, whether or not such Class
Members have filed an objection to the Settlement or to any application by
Class Counsel for an award of Attorneys' Fees and Costs, and whether or not
the objections or claims for distribution of such Class Members have been
approved or allowed.

**8.2** As of the Settlement Effective Date, the Class Representatives, the Class
Members and the Plan (subject to Independent Fiduciary approval as required
by Paragraph 3.1), expressly agree that they, acting individually or together, or
in combination with others, shall not sue or seek to institute, maintain,
prosecute, argue, or assert in any action or proceeding (including but not
limited to an IRS determination letter proceeding, a Department of Labor
proceeding, an arbitration or a proceeding before any state insurance or other
department or commission), any cause of action, demand, or claim on the basis
of, connected with, or arising out of any of the Released Claims. Nothing
herein shall preclude any action to enforce the terms of this Settlement

22

Exhibit 1

Agreement in accordance with the procedures set forth in this Settlement Agreement.

**8.3**    Class Counsel, the Class Representatives, Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plan shall expressly, upon the entry of the Final Order, be deemed to have, and, by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members and the Plan acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**8.4**    Each Class Representative, Class Member and the Plan hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each Class Representative, Class Member and the Plan hereby acknowledges that the foregoing waiver of the provisions of California Civil Code Section 1542 was separately bargained for and acknowledges the significance and consequences of this waiver of California Civil Code Section 1542 and confirms that it has either discussed or been given an opportunity to discuss such matters with counsel of its choice. The Class Representatives, Class Members and the Plan understand that each is a "creditor" within the meaning of Section California Civil Code Section 1542.

Also, the Class Representatives, Class Members, and the Plan shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

23

Exhibit 1

9.      **Article 9 – Representations and Warranties**

   9.1    The Settling Parties represent:

   9.1.1   That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

   9.1.2   That they assume the risk of mistake as to facts or law;

   9.1.3   That they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

   9.1.4   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

   9.1.5   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

   9.2    Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

10.    **Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination**

   10.1   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

   10.1.1   Under Paragraph 3.1, (1) either the Independent Fiduciary does not approve the Settlement Agreement, or disapproves the Settlement Agreement for any reason whatsoever, or the Plan administrator reasonably concludes that the Independent Fiduciary's approval does not include the determinations required by the PTE 2003-39; and (2) the Settling Parties do not mutually agree either to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by the PTE 2003-39, or to proceed with implementation of the Settlement

24

Exhibit 1

Agreement without approval by the Independent Fiduciary.

**10.1.2**   The Preliminary Order and the Final Order are not entered by the Court in the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**10.1.3**   This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

**10.1.4**   The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

**10.2**   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Reliance Trust Company, its agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 10.4.

**10.3**   It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation.

**10.4**   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Reliance Trust Company, on the other hand.

**10.5**   No later than ten (10) calendar days of the filing of the motion for preliminary approval of the Settlement, the Settlement Administrator, on behalf of Reliance Trust Company, shall serve the CAFA notices on the Attorney General of the United States, the Secretary of the Department of Labor, the Commissioner of the Georgia Department of Banking and Finance, and the Attorneys General of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.

**11.   Article 11 – Public Comments Regarding the Settlement Negotiations**

**11.1**   Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the

Exhibit 1

Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax advisors, provided in each case that they (a) secure agreements with such persons or entities that such information shall not be further disclosed and (b) comply with this Article 11 in all other respects.

11.2    Within thirty (30) calendar days of the Court's issuance of the Preliminary Order, Class Counsel will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: the operative Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. Class Counsel will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.10.

12.    **Article 12 – General Provisions**

12.1    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

12.2    Within sixty (60) calendar days after the Settlement Period, the Settling Parties shall either return to the producing parties, or destroy, all documents produced under a claim of confidentiality in accordance with the Confidentiality Agreement, including but not limited to documents produced under a claim of privilege. The Settling Parties, Class Counsel, and Defense Counsel agree that at all times they will honor the requirements of the Confidentiality Agreement and regarding settlement negotiation, notwithstanding Settlement of the Action.

12.3    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of Reliance Trust Company of any wrongdoing, fault, or liability whatsoever by Reliance Trust Company, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Reliance Trust Company admits no wrongdoing or liability with respect to any of the

26

Exhibit 1

allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.

12.4    Neither the Settling Parties, Class Counsel, nor any of the Released Parties shall have any responsibility for or liability whatsoever with respect to (i) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (ii) the determination of the Independent Fiduciary; (iii) the management, investment, or distribution of the Qualified Settlement Fund; (iv) the Plan of Allocation as approved by the Court; (v) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (vi) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (vii) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, the Released Parties shall not have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

12.5    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Reliance Trust Company's compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

12.6    This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Georgia law.

12.7    The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

12.7.1    If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action

27

Exhibit 1

sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

12.7.2   Within twenty (20) days after receiving the notice described in Paragraph 12.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

12.7.3   For a period of not more than twenty (20) days following mailing of the response described in Paragraph 12.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

12.7.4   If the dispute is not resolved during the period described in Paragraph 12.7.3, the parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

12.7.5   Within 30 days after the conclusion of the Mediator's attempt to resolve the dispute (the date of the conclusion of the mediation shall be determined by agreement of the parties or by the Mediator), if the dispute persists, the Settling Parties may arbitrate the dispute with the Mediator serving as the arbitrator, provided both of the Settling Parties agree to arbitration. If either of the Settling Parties does not agree to arbitration, the Settling Parties shall present the dispute to the Court for resolution.

12.7.6   The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation or arbitration under Paragraphs 12.7.4 and 12.7.5, and no witnesses shall be presented or examined during the mediation or arbitration except that if the Mediator acting as arbitrator, in his sole discretion, should determine that a limited number of documents or witnesses are needed to resolve the dispute, he may order their production or testimony. The Mediator acting as the arbitrator will make his decision based solely on the papers, documents, testimony, and arguments of counsel presented to him.

12.7.7   If the Mediator acting as the arbitrator finds that a party has not complied with the Settlement Agreement as asserted, the sole remedy that the Mediator acting as the arbitrator may impose is the issuance of an order requiring the offending party to cure such non-compliance.

12.7.8   In any arbitration or mediation under Paragraphs 12.7.4 and 12.7.5, each party shall bear their own fees and costs.

12.7.9   The Mediator acting as the arbitrator shall issue a written determination, including findings of fact, if requested by any party.

Exhibit 1

**12.7.10**   Under no circumstances shall the mediator acting as the arbitrator have authority to consider any disputes or order any remedy other than as expressly set forth in Paragraph 12.7.7. The arbitrator's award may be enforced in the Court under federal law governing arbitration awards.

**12.8**   The Settling Parties agree that the Court has personal jurisdiction over the Class and Reliance Trust Company and shall maintain that jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the United States District Court for the Northern District of Georgia, and or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

**12.9**   Any portion of the Net Settlement Amount remaining after distributions, including costs and taxes, shall be paid to the Plan to be used or distributed in accordance with applicable law.

**12.10**   The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**12.11**   Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**12.12**   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**12.13**   Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such

Exhibit 1

modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

**12.14**   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**12.15**   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**12.16**   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

**12.17**   The provisions of this Settlement Agreement are not severable.

**12.18**   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

**12.19**   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Order; and Exhibit 6 – Form of CAFA Notice.

**12.20**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**12.21**   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally

Exhibit 1

delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVES:

       Jerome J. Schlichter (jschlichter@uselaws.com)
       SCHLICHTER, BOGARD & DENTON, LLP
       100 S. Fourth Street, Suite 1200
       St. Louis, Missouri 63102
       Tel: (314) 621-6115
       Fax: (314) 621-5934

IF TO RELIANCE TRUST COMPANY:

       Brian D. Boyle (bboyle@omm.com)
       O'MELVENY & MYERS LLP
       1625 Eye Street, N.W.
       Washington, D.C. 20006
       Tel: (202) 383-5300
       Fax: (202) 383-5414

Exhibit 1

ON BEHALF OF PLAINTIFFS, Individually and as Representatives of the Class:

Dated:   October 12, 2020

SCHLICHTER, BOGARD & DENTON LLP

Jerome J. Schlichter
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives


ON BEHALF OF Reliance Trust Company:

Dated:_____


Reliance Trust Company

_____
Charles R. Curley, Corporate Secretary

Exhibit 1

ON BEHALF OF PLAINTIFFS, Individually and as Representatives of the Class:

Dated: _____

SCHLICHTER, BOGARD & DENTON LLP


_____
Jerome J. Schlichter
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives


ON BEHALF OF Reliance Trust Company:

Dated: *October 9, 2020*

Reliance Trust Company

_____
Charles R. Curley, Corporate Secretary

32

Exhibit 1

**The Insperity 401(k) Plan Settlement Administrator**
**[Address, City, State, Zip]**
**www.Insperity401KPlanSettlement.com**

<u>**FORMER PARTICIPANT CLAIM FORM**</u>

ABC1234567890                                          Claim Number: 1111111

**\*ABC1234567890\***

JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have a plan account with a balance greater than $0 as of September 30, 2020.

This form must be completed, signed and filed electronically through the claims portal at www.Insperity401kplansettlement.com no later than _____, 2021, or mailed with a postmark date no later than _____, 2021 to the Settlement Administrator in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

*****************************************************************************************************************

## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1.  Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2.  Mail your completed Former Participant Claim Form postmarked no later than _____, 2021 to the Settlement Administrator at the following address:

    **The Insperity 401(k) Plan Settlement Administrator**
    **[Address, City, State, Zip]**

    If you prefer to file your claim electronically, you may use the claims portal on the website www.Insperity401kplansettlement.com.

    It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3.  Other Reminders:

    •   You must provide date of birth, signature and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.

    •   If you desire to do a rollover and you do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to the participant.

    •   If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.

    •   **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than the second half of 2021 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4.  **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at XXX-XXX-XXXX. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, www.Insperity401kplansettlement.com.

Exhibit 1 to Settlement Agreement

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Pledger, et al., v. Reliance Trust, et al.*, Case No. 1:15-cv-4444-MHC (N.D. Ga.). If given final approval by the Court, the settlement will provide payments to the individual accounts of Settlement Class Members who had plan accounts with a positive balance in the Insperity 401(k) Plan ("Plan") as of September 30, 2020 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who did not have a plan account with a positive balance as of September 30, 2020 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form postmarked no later than _____, 2021 to the Settlement Administrator, or file electronically a valid Former Participant Claim Form through the claims portal at www.Insperity401kplansettlement.com no later than _____, 2021. For more information about the Settlement, please see www.Insperity401kplansettlement.com, or call XXX-XXX-XXXX.

Because you are a Former Participant (or beneficiary of a Former Participant) in the Plan, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form that is postmarked no later than XXXXXX to the Settlement Administrator, or file electronically a valid Former Participant Claim Form through the claims portal at www.Insperity401kplansettlement.com no later than _____, 2021. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name                                              Middle    Last Name

Mailing Address

City                                                                                    State      Zip Code

Home Phone                                              Work Phone or Cell Phone

Participant's Social Security Number                    Participant's Date of Birth

                                    M  M      D  D     Y  Y  Y  Y

Email Address

☐ Check here if you were a Former Participant, but did not receive this Claim Form in the mail. This may be because you were a participant in the Plan only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name                                         Middle    Last Name

Your Social Security Number or Tax ID Number            Your Date of Birth

                                    M  M      D  D     Y  Y  Y  Y

Your Mailing Address

Exhibit 1 to Settlement Agreement

City

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

State

| | |

Zip Code

| | | | | |

3

Exhibit 1 to Settlement Agreement

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA     ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                          State      Zip Code

Account Number                                          Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1.  The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3.  I am a U.S. Person (including a U.S. resident alien).

M M   D D   Y Y Y Y

_____

**Participant Signature**                     **Date Signed** (*Required*)

Note: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: www.Insperity401kplansettlement.com, OR CALL XXX-XXX-XXXX**

Exhibit 1 to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, *et al*., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:15-cv-04444-MHC |
| RELIANCE TRUST COMPANY, *et al*., | |
| *Defendants*. | |

**[PROPOSED] ORDER FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT**

This litigation arises out of a class action brought by Plaintiffs alleging

Reliance Trust Company ("Reliance"), Insperity, Inc., Insperity Holdings, Inc., and

Insperity Retirement Services, L.P. (the "Insperity Defendants") breached their

fiduciary duty and committed prohibited transactions under the Employee

Retirement Income Security Act of 1974 ("ERISA") with respect to the operation

and administration of the Insperity 401(k) Plan (the "Plan"). Plaintiffs and

Reliance have negotiated a settlement to revolve all claims. Plaintiffs and Reliance

are hereinafter referred to as the "Settling Parties". The terms of the settlement are

set out in a Class Action Settlement Agreement dated October 12, 2020, executed

by the Settling Parties and their counsel (the "Settlement").

The Court has considered the proposed Settlement. For purposes of this Order,

if not defined herein, capitalized terms have the definitions in the Settlement

Exhibit 2 to Settlement Agreement

Agreement, which is incorporated herein by reference. Having reviewed the

Settlement Agreement and the accompanying and supporting papers, it is

**ORDERED** as follows:

1.    **Preliminary Findings Regarding Proposed Settlement**: The Court

preliminarily finds that:

A.    The proposed Settlement resulted from extensive arm's-length

negotiations;

B.    The Settlement Agreement was executed only after the Settling

Parties and the Insperity Defendants engaged in extensive litigation

for over four and a half years, including a two-week trial, and after

extensive settlement negotiations between the Settling Parties,

including an in-person mediation session and continued negotiations

with the assistance of a nationally recognized private mediator;

C.    Class Counsel has concluded that the Settlement Agreement is

fair, reasonable and adequate; and

D.    The Settlement is sufficiently fair, reasonable, and adequate to

warrant sending notice of the Settlement to the Class.

2.    **Fairness Hearing**: A hearing is scheduled at the United States

District Court for the Northern District of Georgia, the Honorable District Court

Judge Mark H. Cohen presiding, at _____ a.m./p.m. on _____, 2021, (the

2

Exhibit 2 to Settlement Agreement

"Fairness Hearing") to determine, among other issues:

> A.      Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;
>
> B.      Whether the Settlement Notice and notice methodology were performed as directed by this Court;
>
> C.      Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;
>
> D.      Whether an amount of compensation to Class Representatives should be approved; and
>
> E.      Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

3.      **Establishment of Qualified Settlement Fund**: A common fund is agreed by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Pledger v. Reliance Trust* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $39,800,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

3

Exhibit 2 to Settlement Agreement

A.     The Settlement Fund is established exclusively for the purposes

of: (i) making distributions to Class Representatives and the Class

specified in the Settlement Agreement; (ii) making payments for all

settlement administration costs and costs of notice, including

payments of all Administrative Expenses specified in the Settlement

Agreement; (iii) making payments of all Attorneys' Fees and Costs to

Class Counsel as awarded by the Court; and (iv) paying employment,

withholding, income and other applicable taxes, all in accordance with

the terms of the Settlement Agreement and this Order. Other than the

payment of Administrative Expenses or as otherwise expressly

provided in the Settlement Agreement, no distribution shall be made

from the Settlement Fund until after the Settlement Effective Date.

B.     Within the time periods set forth in the Settlement Agreement,

Reliance or its insurer shall cause installments aggregating to

$39,800,000 to be deposited into the Settlement Fund.

C.     The Court appoints Analytics LLC as the Settlement

Administrator for providing Settlement Notice, implementing the Plan

of Allocation, and otherwise assisting in administration of the

Settlement as set forth in the Settlement Agreement.

D.     Reliance shall timely furnish a statement to the Settlement

Exhibit 2 to Settlement Agreement

Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Reliance makes a transfer to the Settlement Fund.

E.      Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) Reliance's obligation to cause the Gross Settlement Amount to be paid; and (2) Defendants' agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F.      The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.      The Gross Settlement Amount caused to be paid by Reliance

5

Exhibit 2 to Settlement Agreement

and/or its insurer into the Settlement Fund in accordance with the

Settlement Agreement, and all income generated by that amount, shall

be *in custodia legis* and immune from attachment, execution,

assignment, hypothecation, transfer or similar process by any person.

Once the Settlement Fund vests, it is irrevocable during its term and

Defendants have divested themselves of all right, title or interest,

whether legal or equitable, in the Settlement Fund, if any; provided,

however, in the event the Settlement Agreement is not approved by

the Court or the Settlement set forth in the Settlement Agreement is

terminated or fails to become effective in accordance with its terms

(or, if following approval by this Court, such approval is reversed or

modified), the Settling Parties shall be restored to their respective

positions in this case as of the day prior to the Settlement Agreement

Execution Date; the terms and provisions of the Settlement

Agreement and this Order shall be void and have no force and effect

and shall not be used in this case or in any proceeding for any

purpose; and the Settlement Fund and income earned thereon shall

immediately be returned to the entity(ies) that funded the Settlement

Fund.

H.     The Settlement Administrator may make disbursements out of

Exhibit 2 to Settlement Agreement

the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.      The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

K.      The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in

7

Exhibit 2 to Settlement Agreement

connection with the administration of the Settlement Fund. The
Settlement Administrator shall, in accordance with the Settlement
Agreement, determine, withhold, and pay over to the appropriate
taxing authorities any taxes due with respect to any distribution from
the Settlement Fund and shall make and file with the appropriate
taxing authorities any reports or returns due with respect to any
distributions from the Settlement Fund. The Settlement Administrator
also shall determine and pay any income taxes owing with respect to
the income earned by the Settlement Fund. Additionally, the
Settlement Administrator shall file returns and reports with the
appropriate taxing authorities with respect to the payment and
withholding of taxes.

L.      The Settlement Administrator, in its discretion, may request
expedited review and decision by the IRS or the applicable state or
local taxing authorities, with regard to the correctness of the returns
filed for the Settlement Fund and shall establish reserves to assure the
availability of sufficient funds to meet the obligations of the
Settlement Fund itself and the Settlement Administrator as fiduciaries
of the Settlement Fund. Reserves may be established for taxes on the
Settlement Fund income or on distributions.

8

Exhibit 2 to Settlement Agreement

M.    The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.    The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future

9

Exhibit 2 to Settlement Agreement

orders that the Court may find it necessary to issue.

O.      The Settlement Administrator may establish protective
conditions concerning the disclosure of information maintained by the
Settlement Administrator if publication of such information would
violate any law, including rights to privacy. Any person entitled to
such information who is denied access to the Settlement Fund's
records may submit a request to the Court for such information.
However, the Settlement Administrator shall supply such information
to any claimant as may be reasonably necessary to allow him or her to
accurately determine his or her federal, state and local tax liabilities.
Such information shall be supplied in the form and manner prescribed
by relevant law.

P.      This Order will bind any successor Settlement Administrator.
The successor Settlement Administrator(s) shall have, without further
act on the part of anyone, all the duties, powers, functions,
immunities, and discretion granted to the original Settlement
Administrator. Any Settlement Administrator(s) who is replaced (by
reason other than death) shall execute all instruments, and do all acts,
that may be necessary or that may be ordered or requested in writing
by the Court or by any successor Settlement Administrator(s), to

10

Exhibit 2 to Settlement Agreement

transfer administrative powers over the Settlement Fund to the
successor Settlement Administrator(s). The appointment of a
successor Settlement Administrator(s), if any, shall not under any
circumstances require Defendants to make any further payment of any
nature into the Settlement Fund or otherwise.

4.      **Class Notice**: The Settling Parties have presented to the Court
proposed forms of Settlement Notice, which are appended the Settlement
Agreement (Doc. ___ ) dated October 12, 2020, as Exhibits 3 and Exhibit 4,
respectively.

    A.      The Court finds that the proposed forms and the website
    referenced in the Settlement Notice fairly and adequately:

        i.   Describe the terms and effect of the Settlement Agreement and
             of the Settlement;

        ii.  Notify the Class concerning the proposed Plan of Allocation;

        iii. Notify the Class that Class Counsel will seek compensation
             from the Settlement Fund for the Class Representatives,
             Attorneys' Fees and Costs;

        iv.  Notify the Class that Administrative Expenses related to the
             implementation of the Settlement will be paid from the
             Settlement Fund;

11

Exhibit 2 to Settlement Agreement

v.   Give notice to the Class of the time and place of the Fairness
Hearing; and

vi.  Describe how the recipients of the Class Notice may object to
any of the relief requested and the rights of the Settling Parties
to discovery concerning such objections.

B.      The Settling Parties have proposed the following manner of
communicating the notice to Class Members: the Settlement
Administrator shall by no later than sixty (60) days before the
Fairness Hearing, cause the Settlement Notice, with such non-
substantive modifications thereto as may be agreed upon by the
Settling Parties, to be sent by electronic email to all Class Members
for whom the Settlement Administrator is provided a current email
address and mailed, by first-class mail, postage prepaid, to the last
known address of each member of the Class for whom there is no
current email address that can be identified through commercially
reasonable means. The Court finds that such proposed manner is the
best notice practicable under the circumstances, and directs that the
Settlement Administrator provide notice to the Class in the manner
described. Insperity Retirement Services, L.P. shall cooperate with the
Settlement Administrator by providing or facilitating the provision of,

12

Exhibit 2 to Settlement Agreement

in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.      For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.      At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Settlement Notice to be published on the Settlement Website.

5.      **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of

13

Exhibit 2 to Settlement Agreement

Allocation, to any term of the Settlement Agreement, to the proposed award of
attorneys' fees and costs, or to any request for Class Representatives'
Compensation, must file an objection in the manner set out in this Order.

      A.     A Class Member wishing to raise an objection to the Plan of
Allocation, to any term of the Settlement Agreement, to the proposed
award of attorneys' fees and costs, or to any request for Class
Representatives' Compensation must do the following: (i) file with
the Court a statement of his, her, or its objection(s), specifying the
reason(s), if any, for each such objection made, including any legal
support or evidence that such objector wishes to bring to the Court's
attention or introduce in support of such objection; and (ii) serve
copies of the objection and all supporting authorities or evidence to
Class Counsel and Counsel for the Defendants. The addresses for
filing objections with the Court and for service of such objections on
counsel for the parties to this matter are as follows:

          Clerk of the Court
          United States District Courthouse
          75 Ted Turner Drive, S.W.
          Atlanta, GA 30303

          SCHLICHTER, BOGARD & DENTON, LLP
          Attn: Insperity 401(k) Plan Settlement
          100 S. 4th Street, Ste. 1200
          St. Louis, MO 63102
          *Attorneys for Plaintiffs*

14

Exhibit 2 to Settlement Agreement

O'MELVENY & MYERS LLP
Attn: Brian D. Boyle
1625 Eye Street, N.W.
Washington, D.C. 20006
*Attorneys for Reliance*

ALSTON & BIRD LLP
Attn: Emily Costin
The Atlantic Building
950 F. Street, NW
Washington, D.C. 20004
*Attorneys for the Insperity Defendants*

B.      The objector or his, her, or its counsel (if any) must serve

copies of the objection(s) on the attorneys listed above and file it with

the Court by no later than thirty (30) calendar days before the date of

the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for

the purposes of making such objection pursuant to this paragraph, the

attorney must serve a notice of appearance on the attorneys listed

above and file it with the Court by no later than thirty (30) calendar

days before the date of the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for

the parties shall constitute a waiver of the objection(s). Any Class

Member or other person who does not timely file and serve a written

objection complying with the terms of this Order shall be deemed to

have waived, and shall be foreclosed from raising, any objection to

the Settlement, and any untimely objection shall be barred.

15

Exhibit 2 to Settlement Agreement

E.      Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection.  Any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F.      Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) calendar days before the Fairness Hearing.

6.      **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Counsel for Defendants (at the addresses set out above) and file it with the Court by no later than ten (10) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who

16

Exhibit 2 to Settlement Agreement

does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

7.　**Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than _____, 2021, or electronically submitted online at www.insperity401kplansettlement.com no later than _____, 2021.

8.　**Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9.　**Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

10.　**Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Reliance or the Insperity Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any

17

Exhibit 2 to Settlement Agreement

named Plaintiff, Class Representatives, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

11.  **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives and every Class Member are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties (including Defendants).

12.  **Class Action Fairness Act Notice**:  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Reliance's obligations pursuant to CAFA.

13.  **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Counsel for Defendants, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar

18

Exhibit 2 to Settlement Agreement

days before the scheduled date of the Fairness Hearing.

**SO ORDERED:**

DATED: _____, 2020

_____
HON. MARK H. COHEN
UNITED STATES DISTRICT JUDGE

19

Exhibit 2 to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONDA A. PLEDGER, *et al*., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:15-cv-04444-MHC |
| RELIANCE TRUST COMPANY, *et al*., | |
| *Defendants*. | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**Your legal rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through March 31, 2019, excluding the Defendants.

The Class Period is defined as December 22, 2009 through March 31, 2019. The Class definition includes any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternative Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Insperity 401(k) Plan ("Plan") against Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of September 30, 2020 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of September 30, 2020 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated October 12, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.Insperity401kplansettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____,

1

Exhibit 3 to Settlement Agreement

2021___ at _____a.m./p.m., before United States District Court Judge Mark H. Cohen in Courtroom 1905, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

• Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 5 of this Settlement Notice.

• Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.Insperity401kplansettlement.com.

> **According to the Plan's records, you are a Current Participant. If you believe instead that you meet the definition of a Former Participant, please contact the Settlement Administrator.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
| --- | --- |
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant because you had an account balance in the Plan as of September 30, 2020. If, however, you are a Former Participant who participated in the Plan during the Class Period and did not have a balance greater than $0 as of September 30, 2020 or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked by _____ to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by _____, you will forfeit your share of the Net Settlement Amount even though you will be bound by the Settlement, including the release. We have not included a claim form in your notice because Current Participants do not need to submit a claim form, and our records indicate that you are a Current Participant. However, if you believe you are a Former Participant, a claim form may be obtained by accessing www.Insperity401kplansettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2021)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON _____** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by _____, 2021, of your intention to appear at the hearing. |

### The Class Action

The case is called *Pledger, et al. v. Reliance Trust, et al.*, Case No. 1:15-cv-4444-MHC (N.D. Ga.) (the "Class Action"). The Court supervising the case is the United States District Court for the Northern District of Georgia. The individuals who brought this suit are called Class Representatives, and the entity and individuals they sued are called the Defendants. The Class Representatives are current and former participants in the Plan. The Defendants are Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. The Class Representatives' claims are described below, and additional information about them is available at www.Insperity401kplansettlement.com.

### What Does the Settlement Provide?

The Settlement was reached on October 12, 2020, between the Class Representatives and Reliance Trust Company (the "Settling Parties"). Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. are not parties to the Settlement and are not contributing to the Settlement. Nevertheless, these entities are covered by the Release. Class Counsel filed this action on December 22, 2015. Since the filing of the case and for a period of over four and a half years, the parties engaged in substantial litigation. Class Counsel devoted substantial time and effort to review and analyze approximately 98,000 documents (over 500,000 pages)

2

Exhibit 3 to Settlement Agreement

produced by Defendants and many other documents, including U.S. Department of Labor Forms 5500 and other publicly available documents, and conducted over 19 depositions to support their underlying claims. The Settling Parties participated in a mediation with a nationally recognized mediator who has extensive experience in resolving complex class action claims. Only after a two-week trial and subsequent arm's length negotiation after trial were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $39,800,000 will be established to resolve the Class Action. The Net Settlement Amount is $39,800,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

## Release

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as Defendants and other "Released Parties" from "Released Claims." The Released Parties include, in addition to Defendants and their employees, affiliates, and agents, the Plan's fiduciaries (with the exception of the Independent Fiduciary), administrators, plan administrators, recordkeepers, service providers, consultants and parties-in-interest, and the employers that elected to participate in the Plan, and their employees, affiliates and agents.

The Released Claims include, with respect to the Class Period, all claims that arise out of, relate to, are based on, or have any connection with: (1) the selection, oversight, retention, or performance of the Plan's investment options and service providers; (2) fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (3) the revenue sharing made available to or in respect of the Plan and the use or disposition of those revenue sharing payments; (4) the services provided to the Plan or the costs of those services; or (5) disclosures or failures to disclose information regarding the Plan's investment options, fees, costs, expenses, services, or service providers, as well as all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment. In addition, the Released Claims include all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.Insperity401kplansettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.Insperity401kplansettlement.com.

## Statement of Attorneys' Fees and Costs Sought in the Class Actions

Since mid-2015, Class Counsel has devoted over 15,000 hours investigating potential claims and litigating this case through trial. Class Counsel reviewed over 500,000 pages of documents produced in this case, conducted a substantial number of depositions, and prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to monitor for three years compliance

Exhibit 3 to Settlement Agreement

with the Settlement Agreement; (3) to enforce the Settlement Agreement in accordance with its terms; and (4) to do each of these without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $13,266,667, in addition to no more than $750,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class actions, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for five Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities included assisting Class Counsel in the factual investigation of the case, actively participating in the litigation, and continuing to provide information to Class Counsel to assist in the development of the case. When required, the Class Representatives were deposed by Defendants' attorneys and testified at trial. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.Insperity401kplansettlement.com.

| 1. | **Why Did I Receive This Settlement Notice?** |

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | **What Is The Class Action About?** |

In the Class Action, the Class Representatives alleged that during the Class Period Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, *et seq.*, with respect to their operation and administration of the Plan. In relevant part, they alleged Defendants caused the Plan to pay unreasonable administrative and investment expenses and invest in the Insperity Horizon Risk-Managed target date funds, which Plaintiffs claim were unlawfully added to the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendants could or should be held responsible, as Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA by monitoring, reviewing and evaluating the Plan's investment options, by monitoring, reviewing and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate and by ensuring the Plan paid reasonable fees for the services provided.

| 3. | **Why Is There A Settlement?** |

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Reliance Trust Company have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Reliance Trust Company's counsel, including an all-day session with a private national mediator and subsequent additional arm's length negotiations. The Settling Parties only reached a settlement after completing an extensive two-week trial. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

Exhibit 3 to Settlement Agreement

| 4. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on September 30, 2020, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

The Net Settlement Amount shall be divided into two portions: (1) the Insperity Horizon Risk-Managed Funds Portion ("Horizon Funds Portion") shall be ninety percent (90%) of the Net Settlement Amount; and (2) the Administrative and Investment Fee Portion ("Fee Portion") shall be ten percent (10%) of the Net Settlement Amount.

The Horizon Funds Portion will be allocated among Class Members as follows: a percentage of the Horizon Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the Insperity Horizon Risk-Managed Funds for each quarter from December 31, 2012 through March 31, 2017 divided by the sum of the quarter-ending balances of all Current and Authorized Former Participants in the Insperity Horizon Risk-Managed Funds for each quarter during that period.

The Fee Portion will be allocated among Class Members as follows: a percentage of the Fee Portion that is the product of the participant's quarter-ending account balances for each quarter from December 31, 2009 through March 31, 2019 divided by the sum of the  overall quarter-ending balances of all Current and Authorized Former Participants for each quarter during that period.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.Insperity401kplansettlement.com.

There are over 100,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

| 5. | How Can I Receive My Distribution? |
|---|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plan's records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

| 6. | When Will I Receive My Distribution? |
|---|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the second half of 2021.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

Exhibit 3 to Settlement Agreement

| 7. | **Can I Get Out Of The Settlement?** |
|---|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| 8. | **Do I Have A Lawyer In The Case?** |
|---|---|

The Court has appointed the law firm Schlichter Bogard & Denton, LLP in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. | **How Will The Lawyers Be Paid?** |
|---|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $13,266,267 in fees and $750,000 in costs and Class Counsel will also monitor compliance with the Settlement for three years without charge and has committed to bring an enforcement action, if needed, to enforce the Settlement, also with no charge. The Court will determine what fees and costs will be approved.

| 10. | **How Do I Tell The Court If I Don't Like The Settlement?** |
|---|---|

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Pledger, et al., v. Reliance Trust, et al.,* Case No.1:15-cv-4444-MHC (N.D. Ga.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2021. The Court's address is Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2021.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Insperity 401(k) Plan Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>Insperity401kplansettlement@uselaws.com | O'MELVENY & MYERS LLP<br>Attn: Brian D. Boyle<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br><br>ALSTON & BIRD LLP<br>Attn: Emily Costin<br>The Atlantic Building<br>950 F. Street, NW<br>Washington, D.C. 20004 |

| 11. | **When And Where Will The Court Decide Whether To Approve The Settlement?** |
|---|---|

The Court will hold a Fairness Hearing at _____ a.m./p.m. on _____, at the United States District Court for the Northern District of Georgia, Courtroom 1905, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

| 12. | **Do I Have To Attend The Fairness Hearing?** |
|---|---|

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it

Exhibit 3 to Settlement Agreement

when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

| **13.  May I Speak At The Fairness Hearing?** |
| --- |

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Pledger, et al. v. Reliance Trust, et al.,* Case No. 1:15-cv-4444-MHC." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than _____, 2021**.

| **14.  What Happens If I Do Nothing At All?** |
| --- |

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved. According to the Plan's records, you are a Current Participant.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

| **15.  How Do I Get More Information?** |
| --- |

If you have general questions regarding the Settlement, you can visit this website: www.Insperity401kplansettlement.com, call 1-_____, or write to the Settlement Administrator at Insperity 401(k) Plan Settlement Administrator, _____.

Exhibit 3 to Settlement Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

RONDA A. PLEDGER, *et al*.,

                       *Plaintiffs*,

v.

RELIANCE TRUST COMPANY, *et al*.,

                       *Defendants*.

Civil Action No.
1:15-cv-04444-MHC

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**Your legal rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the Insperity 401(k) Plan from December 22, 2009 through March 31, 2019, excluding the Defendants.

The Class Period is defined as December 22, 2009 through March 31, 2019. The Class definition includes any Beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternative Payee, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plan at any time during the Class Period.

For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Insperity 401(k) Plan ("Plan") against Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of September 30, 2020 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of September 30, 2020 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

- The terms and conditions of the Settlement are set forth in the Settlement Agreement dated October 12, 2020. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at www.Insperity401kplansettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

- Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on _____,

Exhibit 4 to Settlement Agreement

2021__ at _____ a.m./p.m., before United States District Court Judge Mark H. Cohen in Courtroom 1905, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, GA 30303.

• Any objections to the Settlement, to the petition for Attorneys' Fees and Costs or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendant's Counsel, as identified on page 5 of this Settlement Notice.

• Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.Insperity401kplansettlement.com.

> **According to the Plan's records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance greater than $0 as of September 30, 2020.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY _____ TO PARTICIPATE IN THE SETTLEMENT** | The Plan's records indicate that you are a Former Participant. You must return a Former Participant Claim Form that is postmarked by _____ or completed online and filed electronically through the website www.Insperity401kplansettlement.com, in order to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked by _____, or submitted electronically by _____, you will forfeit your share of the Net Settlement Amount. A claim form also can be obtained by accessing www.Insperity401kplansettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN _____, 2021)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON _____** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by _____, 2021, of your intention to appear at the hearing. |

#### The Class Action

The case is called *Pledger, et al. v. Reliance Trust, et al.*, Case No. 1:15-cv-4444-MHC (N.D. Ga.) (the "Class Action"). The Court supervising the case is the United States District Court for the Northern District of Georgia. The individuals who brought this suit are called Class Representatives, and the entity and individuals they sued are called the Defendants. The Class Representatives are current and former participants in the Plan. The Defendants are Reliance Trust Company, Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. The Class Representatives' claims are described below, and additional information about them is available at www.Insperity401kplansettlement.com.

#### What Does the Settlement Provide?

The Settlement was reached on October 12, 2020, between the Class Representatives and Reliance Trust Company (the "Settling Parties"). Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. are not parties to the Settlement. Nevertheless, these entities are covered by the Release. Class Counsel filed this action on December 22, 2015. Since the filing of the case and for a period of over four and a half years, the parties engaged in substantial litigation. Class Counsel devoted substantial time and effort to review and analyze approximately 98,000 documents (over 500,000 pages) produced by Defendants and many other documents, including U.S. Department of Labor Forms 5500 and other publicly available documents, and conducted over 19 depositions to support their underlying claims. The Settling Parties participated in a mediation with a nationally recognized mediator who has extensive experience in resolving complex class action claims. Only

Exhibit 4 to Settlement Agreement

after a two-week trial and subsequent arm's length negotiation after trial were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $39,800,000 will be established to resolve the Class Action. The Net Settlement Amount is $39,800,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing Plan accounts. Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

## Release

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as Defendants and other "Released Parties" from "Released Claims." The Released Parties include, in addition to Defendants and their employees, affiliates, and agents, the Plan's fiduciaries (with the exception of the Independent Fiduciary), administrators, plan administrators, recordkeepers, service providers, consultants and parties-in-interest, and the employers that elected to participate in the Plan, and their employees, affiliates and agents.

The Released Claims include, with respect to the Class Period, all claims that arise out of, relate to, are based on, or have any connection with: (1) the selection, oversight, retention, or performance of the Plan's investment options and service providers; (2) fees, costs, or expenses charged to, paid, or reimbursed by the Plan; (3) the revenue sharing made available to or in respect of the Plan and the use or disposition of those revenue sharing payments; (4) the services provided to the Plan or the costs of those services; or (5) disclosures or failures to disclose information regarding the Plan's investment options, fees, costs, expenses, services, or service providers, as well as all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment. In addition, the Released Claims include all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at www.Insperity401kplansettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.Insperity401kplansettlement.com.

## Statement of Attorneys' Fees and Costs Sought in the Class Actions

Since mid-2015, Class Counsel has devoted over 15,000 hours investigating potential claims and litigating this case through trial. Class Counsel reviewed over 500,000 pages of documents produced in this case, conducted a substantial number of depositions, and prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to monitor for three years compliance with the Settlement Agreement; (3) to enforce the Settlement Agreement in accordance with its terms; and (4) to do each of these without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the

Exhibit 4 to Settlement Agreement

Settlement Amount, $13,266,667, in addition to no more than $750,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class actions, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for five Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities included assisting Class Counsel in the factual investigation of the case, actively participating in the litigation, and continuing to provide information to Class Counsel to assist in the development of the case. When required, the Class Representatives were deposed by Defendants' attorneys and testified at trial. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.Insperity401kplansettlement.com.

| 1. | Why Did I Receive This Settlement Notice? |
|----|---|

The Court caused this Settlement Notice to be sent to you because the Plan's records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2. | What Is The Class Action About? |
|----|---|

In the Class Action, the Class Representatives alleged that during the Class Period Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, *et seq.*, with respect to their operation and administration of the Plan. In relevant part, they alleged Defendants caused the Plan to pay unreasonable administrative and investment expenses and invest in the Insperity Horizon Risk-Managed target date funds, which Plaintiffs claim were unlawfully added to the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plan have suffered any harm or damage for which Defendants could or should be held responsible, as Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA by monitoring, reviewing and evaluating the Plan's investment options, by monitoring, reviewing and evaluating the administrative fees paid by the Plan, by eliminating or adding investment options when appropriate and by ensuring the Plan paid reasonable fees for the services provided.

| 3. | Why Is There A Settlement? |
|----|---|

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Reliance Trust Company have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Reliance Trust Company's counsel, including an all-day session with a private national mediator and subsequent additional arm's length negotiations. The Settling Parties only reached a settlement after completing an extensive two-week trial. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4. | How Much Will My Distribution Be? |
|----|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper, or, if on September 30, 2020, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

Exhibit 4 to Settlement Agreement

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

The Net Settlement Amount shall be divided into two portions: (1) the Insperity Horizon Risk-Managed Funds Portion ("Horizon Funds Portion") shall be ninety percent (90%) of the Net Settlement Amount; and (2) the Administrative and Investment Fee Portion ("Fee Portion") shall be ten percent (10%) of the Net Settlement Amount.

The Horizon Funds Portion will be allocated among Class Members as follows: a percentage of the Horizon Fund Portion that is the product of the sum of the participant's quarter-ending account balances invested in the Insperity Horizon Risk-Managed Funds for each quarter from December 31, 2012 through March 31, 2017 divided by the sum of the quarter-ending balances of all Current and Authorized Former Participants in the Insperity Horizon Risk-Managed Funds for each quarter during that period.

The Fee Portion will be allocated among Class Members as follows: a percentage of the Fee Portion that is the product of the participant's quarter-ending account balances for each quarter from December 31, 2009 through March 31, 2019 divided by the sum of the quarter-ending balances of all Current and Authorized Former Participants for each quarter during that period.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at www.Insperity401kplansettlement.com.

There are over 100,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

**5.   How Can I Receive My Distribution?**

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plan's records, you are a Former Participant. Therefore, you need to return your Claim Form or submit your claim online to receive your share of the Settlement.**

**6.   When Will I Receive My Distribution?**

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the second half of 2021.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

**7.   Can I Get Out Of The Settlement?**

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

5

Exhibit 4 to Settlement Agreement

| **8. Do I Have A Lawyer In The Case?** |
|---|

The Court has appointed the law firm Schlichter Bogard & Denton, LLP in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **9. How Will The Lawyers Be Paid?** |
|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $13,266,267 in fees and $750,000 in costs and Class Counsel will also monitor compliance with the Settlement for three years without charge and has committed to bring an enforcement action, if needed, to enforce the Settlement, also with no charge. The Court will determine what fees and costs will be approved.

| **10. How Do I Tell The Court If I Don't Like The Settlement?** |
|---|

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Pledger, et al., v. Reliance Trust, et al.,* Case No.1:15-cv-4444-MHC (N.D. Ga.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than _____, 2021. The Court's address is Clerk of the Court, United States District Court for the Northern District of Georgia, 75 Ted Turner Drive, S.W., Atlanta, GA 30303. Your written objection also must be mailed to the lawyers listed below, **no later than _____, 2021.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Insperity 401(k) Plan Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>Insperity401kplansettlement@uselaws.com | O'MELVENY & MYERS LLP<br>Attn: Brian D. Boyle<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br><br>ALSTON & BIRD LLP<br>Attn: Emily Costin<br>The Atlantic Building<br>950 F. Street, NW<br>Washington, D.C. 20004 |

| **11. When And Where Will The Court Decide Whether To Approve The Settlement?** |
|---|

The Court will hold a Fairness Hearing at _____ a.m./p.m. on _____, at the United States District Court for the Northern District of Georgia, Courtroom 1905, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

| **12. Do I Have To Attend The Fairness Hearing?** |
|---|

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it

Exhibit 4 to Settlement Agreement

when the Court considers whether to approve the Settlement as fair, reasonable and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

| 13.  May I Speak At The Fairness Hearing? |
| --- |

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Pledger, et al. v. Reliance Trust, et al.,* Case No. 1:15-cv-4444-MHC."  Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than _____, 2021**.

| 14.  What Happens If I Do Nothing At All? |
| --- |

If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.

**According to the Plan's records, you are a Former Participant.** If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.**

| 15.  How Do I Get More Information? |
| --- |

If you have general questions regarding the Settlement, you can visit this website: www.Insperity401kplansettlement.com, call 1-_____, or write to the Settlement Administrator at Insperity 401(k) Plan Settlement Administrator, _____.

Exhibit 4 to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, *et al*., | |
| *Plaintiffs*, | |
| v. | Civil Action No.<br>1:15-cv-04444-MHC |
| RELIANCE TRUST COMPANY, *et al*., | |
| *Defendants*. | |

**[PROPOSED] FINAL ORDER AND JUDGMENT**

Upon consideration of the Plaintiffs' Unopposed Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Class Action Settlement Agreement dated October 12, 2020, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*.,

Exhibit 5 to Settlement Agreement

notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.      The form and methods of notifying the Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

4.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

5.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.      Each and every objection to the Settlement is overruled with prejudice.

7.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Litigation is **APPROVED** as fair, reasonable, and adequate to the Insperity 401(k) Plan ("Plan") and the Class, and the Settling

2

Exhibit 5 to Settlement Agreement

Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.    The operative complaint and all claims asserted therein in the Litigation are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

9.    The Plan, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10.    The Class Representatives, the Class Members, and the Plan acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or

Exhibit 5 to Settlement Agreement

proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.     Class Counsel, the Class Representatives, the Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with Reliance Trust Company and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative each Class Member, and the Plan has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members, and the Plan have hereby acknowledged that the foregoing waiver was bargained for separately and is

4

Exhibit 5 to Settlement Agreement

a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12.    The Class Representatives, Class Members, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plan with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13.    The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce

5

Exhibit 5 to Settlement Agreement

paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14.     Each Class Member shall hold harmless Defendants, Defense Counsel and the Released Parties for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17.     With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by

6

Exhibit 5 to Settlement Agreement

the Settlement Agreement shall be resolved by the Plan administrator in

accordance with applicable law and the governing terms of the Plan.

18.     Within twenty-one (21) calendar days following the issuance of all

settlement payments to Class Members, the Settlement Administrator shall prepare

and provide to Class Counsel and Defendants' Counsel a list of each person who

was issued a settlement payment and the amount of such payment.

19.     Upon entry of this Order, all Class Members shall be bound by the

Settlement Agreement (including any amendments) and by this Final Order.

**SO ORDERED:**

DATED: _____, 2021

_____
HON. MARK H. COHEN
UNITED STATES DISTRICT JUDGE

7

Exhibit 5 to Settlement Agreement

October __, 2020

**VIA U.S. MAIL**

[FEDERAL/STATE ATTORNEY GENERAL/DEPARTMENT OF LABOR/
GA DEPARTMENT OF BANKING]
[ADDRESS]

Re:   *Notice of Proposed Settlement in Pledger v. Reliance Trust Co., United States District Court for the Northern District of Georgia, Civil Action No. 1:15-cv-04444-MHC*

Dear [NAME]:

Pursuant to 28 U.S.C. § 1715, enacted as a component of the Class Action Fairness Act of 2005 ("CAFA"), on behalf of Defendant Reliance Trust Co., Analytics LLC as the Settlement Administrator hereby writes to provide your office with notice of a proposed settlement in the above-referenced matter pending in the United States District Court for the Northern District of Georgia (the "Litigation").

The parties in the Litigation filed a Class Action Settlement Agreement and associated documents with the Court on October 12, 2020.  The Court has not yet ruled on any of the materials listed in Nos. 3, 4 and 5 below, and a hearing has not yet been scheduled.

In conjunction with this notice, please find copies of the following documents on the enclosed disc:

1.   Complaint for the above-referenced matter (filed December 22, 2015);

2.   Amended Complaint for the above-referenced matter (filed April 15, 2016);

3.   Class Action Settlement Agreement and all attached exhibits, including:

   a.   Former Participant Claim Form;

   b.   Proposed Order for Preliminary Approval of Class Action Settlement;

   c.   Notice of Class Action Settlement and Fairness Hearing to Current Participants;

   d.   Notice of Class Action Settlement and Fairness Hearing to Former Participants;

   e.   Proposed Order Granting Unopposed Motion to Modify the Class Definition;

Exhibit 6 to Settlement Agreement

f.    Proposed Final Order and Judgment;

4.       Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Settlement;

5.       Plaintiffs' Memorandum of Law in Support of Unopposed Motion to Modify the Class Definition.

Pursuant to 28 U.S.C. § 1715 (b)(7), it is not feasible at this time to provide the names of class members residing in each state, a reasonable estimate of the number of class members residing in each state, or the estimated proportionate share of the claims for members in each state.

Should you have any questions regarding this matter or the enclosed materials, please do not hesitate to contact me directly.

Very truly yours,

/s/ DRAFT

Enclosures

2

Exhibit 6 to Settlement Agreement