IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONDA A. PLEDGER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:15-cv-04444-MHC |
| RELIANCE TRUST COMPANY, *et al.*, | |
| *Defendants*. | |

## ORDER FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

This litigation arises out of a class action brought by Plaintiffs alleging Reliance Trust Company ("Reliance"), Insperity, Inc., Insperity Holdings, Inc., and Insperity Retirement Services, L.P. (the "Insperity Defendants") breached their fiduciary duty and committed prohibited transactions under the Employee Retirement Income Security Act of 1974 ("ERISA") with respect to the operation and administration of the Insperity 401(k) Plan (the "Plan"). Plaintiffs and Reliance have negotiated a settlement to revolve all claims. Plaintiffs and Reliance are hereinafter referred to as the "Settling Parties". The terms of the settlement are set out in a Class Action Settlement Agreement dated October 12, 2020 [Doc. 280-2], executed by the Settling Parties and their counsel, as amended on October 14, 2020 [Doc. 284-1] (the "Settlement" or "Settlement Agreement").

The Court has considered the proposed Settlement. For purposes of this Order,

if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

    1.    **Preliminary Findings Regarding Prosed Settlement**: The Court preliminarily finds that:

        A.    The proposed Settlement resulted from extensive arm's-length negotiations;

        B.    The Settlement Agreement was executed only after the Settling Parties and the Insperity Defendants engaged in extensive litigation for over four and a half years, including a two-week trial, and after extensive settlement negotiations between the Settling Parties, including an in-person mediation session and continued negotiations with the assistance of a nationally recognized private mediator;

        C.    Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

        D.    The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

    2.    **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Northern District of Georgia, in Courtroom 1905 of the

Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, 30303, before the Honorable District Court Judge Mark H. Cohen presiding, at 9:30 a.m. on March 5, 2021, (the "Fairness Hearing") to determine, among other issues:

    A.    Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

    B.    Whether the Settlement Notice and notice methodology were performed as directed by this Court;

    C.    Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

    D.    Whether an amount of compensation to Class Representatives should be approved; and

    E.    Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

3.    **Establishment of Qualified Settlement Fund**: A common fund is agreed by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Pledger v. Reliance Trust* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of

Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $39,800,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

    A.    The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; and (iv) paying employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Settlement Effective Date.

    B.    Within the time periods set forth in the Settlement Agreement, Reliance or its insurer shall cause installments aggregating to $39,800,000 to be deposited into the Settlement Fund.

    C.    The Court appoints Analytics LLC as the Settlement Administrator for providing Settlement Notice, implementing the Plan

of Allocation, and otherwise assisting in administration of the Settlement as set forth in the Settlement Agreement.

D.  Reliance shall timely furnish a statement to the Settlement Administrator that complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined statement under Treasury Regulation § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Reliance makes a transfer to the Settlement Fund.

E.  Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) Reliance's obligation to cause the Gross Settlement Amount to be paid; and (2) Defendants' agreement to cooperate in providing information that is necessary for settlement administration as set forth in the Settlement Agreement.

F.  The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement

Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.   The Gross Settlement Amount caused to be paid by Reliance and/or its insurer into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Settling Parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall

---

immediately be returned to the entity(ies) that funded the Settlement Fund.

H.   The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.   The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.   The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses and all Attorneys' Fees and

Costs of Class Counsel shall be paid from the Settlement Fund.

K.  The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.  The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the

Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

M.  The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include receiving and processing information from Former Participants pertaining to their claims and investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

N.  The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator

considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

O.  The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

P.  This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by

reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require Defendants to make any further payment of any nature into the Settlement Fund or otherwise.

4. **Class Notice**: The Settling Parties have presented to the Court proposed forms of Settlement Notice, which are appended to the Settlement Agreement (Doc. 280-2, as amended by Doc. 284-1) dated October 12, 2020, as Exhibits 3 and Exhibit 4, respectively.

    A.    The Court finds that the proposed forms and the website referenced in the Settlement Notice fairly and adequately:

        i. Describe the terms and effect of the Settlement Agreement and of the Settlement;

        ii. Notify the Class concerning the proposed Plan of Allocation;

        iii. Notify the Class that Class Counsel will seek compensation from the Settlement Fund for the Class Representatives, Attorneys' Fees and Costs;

11

    iv.  Notify the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

    v.  Give notice to the Class of the time and place of the Fairness Hearing; and

    vi.  Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.    The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic email to all Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the

Settlement Administrator provide notice to the Class in the manner described. Insperity Retirement Services, L.P. shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Class. The names, addresses, email addresses (to the extent available), and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C.  For any Settlement Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the person and shall mail notice to that address.

D.  At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E.  The Court directs Class Counsel, no later than sixty (60) days before the Fairness Hearing, to cause the Settlement Notice to be

published on the Settlement Website.

5. **Objections to Settlement**: Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation, must file an objection in the manner set out in this Order.

    A. A Class Member wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for Class Representatives' Compensation must do the following: (i) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (ii) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Counsel for the Defendants. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

        Clerk of the Court
        United States District Courthouse
        75 Ted Turner Drive, S.W.
        Atlanta, GA 30303

        SCHLICHTER, BOGARD & DENTON, LLP
        Attn: Insperity 401(k) Plan Settlement
        100 S. 4th Street, Ste. 1200
        St. Louis, MO 63102
        *Attorneys for Plaintiffs*

        O'MELVENY & MYERS LLP
        Attn: Brian D. Boyle
        1625 Eye Street, N.W.
        Washington, D.C. 20006
        *Attorneys for Reliance*

        ALSTON & BIRD LLP
        Attn: Emily Costin
        The Atlantic Building
        950 F. Street, NW
        Washington, D.C. 20004
        *Attorneys for the Insperity Defendants*

B.     The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

C.     If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than thirty (30) calendar days before the date of the Fairness Hearing.

D.     Failure to serve objections(s) on either the Court or counsel for the parties shall constitute a waiver of the objection(s). Any Class

Member or other person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

E.   Any party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection. Any responses to discovery or depositions must be completed within ten (10) calendar days of the request being served on the objector.

F.   Any party wishing to file a response to an objection must do so, and serve the response on all parties, no later than ten (10) calendar days before the Fairness Hearing.

6.   **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the

objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Counsel for Defendants (at the addresses set out above) and file it with the Court by no later than ten (10) calendar days before the date of the Fairness Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

7. **Claim Form Deadline**: All valid Former Participant Claim Forms must be received by the Settlement Administrator with a postmark date no later than March 4, 2021, or electronically submitted online at www.insperity401kplansettlement.com no later than March 4, 2021.

8. **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

9. **Termination of Settlement**: If the Settlement is terminated in accordance with the Settlement Agreement, this Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

10. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Reliance or the Insperity

Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named Plaintiff, Class Representatives, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by Defendants to class certification in the event that the Settlement Agreement is terminated.

11. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives and every Class Member are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties (including Defendants).

12. **Class Action Fairness Act Notice**: The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Reliance's obligations pursuant to CAFA.

13. **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Counsel for Defendants, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness Hearing.

**IT IS SO ORDERED** this 14th day of October, 2020.

_____
HON. MARK H. COHEN
UNITED STATES DISTRICT JUDGE